IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JABROWN PARKS,                          CASE NO. 2:07-cv-909
                                        CRIMINAL NO. 2:03-cr-213
            Petitioner,                 JUDGE HOLSCHUH
                                        MAGISTRATE JUDGE KEMP
v.

UNITED STATES OF AMERICA,

            Respondent.


<u>REPORT AND RECOMMENDATION</u>

Petitioner, a federal prisoner, brings the instant motion to vacate, set aside, or correct

sentence pursuant to 28 U.S.C. §2255. This matter is before the Court on the instant

petition, respondent's return of writ and the exhibits of the parties. For the reasons that

follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

Petitioner's underlying criminal convictions are the result of his November 9, 2005,

negotiated guilty plea to armed bank robbery and using, brandishing, or carrying a firearm

during commission of a crime of violence, in violation of 18 U.S.C. §2113(a), (d), and

§924(c). Doc. No. 101. On March 26, 2006, the Court sentenced petitioner to an aggregate

term of 171 months imprisonment. Doc. No. 123. Petitioner filed a timely appeal.

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), appellate counsel filed a motion

to withdraw and petitioner asserted that he should have received a shorter sentence, that

his sentence violated *United States v. Booker*, 543 U.S. 220 (2005), that he was convicted in

violation of his right to a speedy trial. *See* Doc. No. 154. On April 25, 2007, the United

States Court of Appeals for the Sixth Circuit affirmed petitioner's conviction and sentence. *Id*.

On September 10, 2007, petitioner filed the instant *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. He asserts that he was denied the effective assistance of counsel because his attorney failed to advise him regarding his likely sentence under the United States Sentencing Guidelines, failed to file a motion for preservation of evidence, and failed to file a motion requesting notification of the government's intent to introduce extrinsic bad acts not charged in the indictment. It is the position of the respondent that petitioner's claims are without merit.

## MERITS

A prisoner may challenge the entry of a plea of guilty on the basis that counsel's ineffectiveness prevented the plea from being knowing and voluntary. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The two part test announced in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), applies to challenges to guilty pleas based on a claim of ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Sparks v. Sowders*, 852 F.2d 882, 884 (6th Cir.1988). In order to obtain relief, a prisoner who is challenging the entry of his guilty plea on the basis of counsel ineffectiveness must first show that counsel's advice was not within the range of competence demanded of attorneys in criminal cases. *Hill*, 474 U.S. at 59; *Sparks*, 852 F.2d at 884.

> The second, or "prejudice" requirement on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other

> words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill*, 474 U.S. at 59; *Sparks,* 852 F.2d at 884. Petitioner has failed to meet this standard here.

According to petitioner, had his lawyer advised him of potential sentencing ramifications, he would not have pleaded guilty but would have proceeded to trial. Petitioner also alleges that his attorney failed to obtain or request discovery, and improperly failed to request the government to provide pretrial notification of its intention to introduce extrinsic evidence of bad acts not charged in the indictment. The record reflects that all of the foregoing plainly lack merit.

Contrary to petitioner's allegations here, defense counsel requested and obtained discovery and filed a motion requesting pretrial notice of other acts evidence. *See* Doc. Nos. 13-16, 58, 60, 64. The government did not intend to introduce any evidence under Federal Rule 404(b).[1] *See* Doc. No. 64. Additionally, and contrary to his allegations here,

---

[1] Federal Rule of Evidence 404(b) provides:

(b) Other Crimes, Wrongs, or Acts.--Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

petitioner signed a guilty plea agreement indicating he understood the maximum penalties

for the offenses of conviction, including the fact that his conviction under 18 U.S.C. 924(c)

carried a mandatory consecutive term of seven years incarceration. *See* Doc. No. 98. At the

time of his guilty plea, petitioner indicted he had a clear understanding of what was taking

place and had been provided a full opportunity to discuss his case with defense counsel.

*Transcript, Guilty Plea*, at 12. He was satisfied with the his attorney's representation. *Id.*, at

13. He had reviewed the plea agreement with his attorney. *Id.*, at 15. No one had forced

or threatened him to plead guilty, nor made any promises regarding his sentence. *Id.*, at

16. The Court advised petitioner that sentence would be imposed after submission of the

Presentence Investigation Report, but that the United States Sentencing Guidelines were

advisory only. *Id.*, at 16-18.

> [COURT]: In addition to the guidelines, a judge today must, in addition, consider the nature and circumstances of the offense and the history and characteristics of the defendant and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford an adequate deterrence to criminal conduct, to protect the public from further crimes and to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner, the defendants with similar records if found guilty of similar conduct, and the need to provide restitution to any victims of the offense....
>
> [A]nd I then determine what I decide would be a reasonable sentence....
>
> [I]t could be a sentence that is not consistent with the

> sentencing guidelines.  It could be a sentence more severe than
> the guideline sentence would be or it could be a sentence less
> severe than the guidelines sentence would be.  I make that
> determination as to what would be a reasonable sentence.

*Id.*, at 19.  Petitioner indicated he understood.  *Id.*, at 20.  He had no questions.  *Id.*  He had

discussed with his attorney everything he knew about the facts involved in the charges

against him.  Defense counsel had advised him on the applicable law.  *Id.*  The Court

advised petitioner of the elements of the charges against him and the penalties for the

offenses charged.  *Id.*, at 20-23.  Petitioner indicated he understood.  *Id.*  The prosecutor

summarized the facts of the case as follows:

> On Tuesday, December 2, 2003, the First Federal Savings and
> Loan at 182 West Broad Street, Pataskala, Ohio, a bank whose
> deposits were federally insured, was robbed at approximately
> 11:30 a.m.
>
> Jabrown Parks, Chaz Frier and Daryl A. Williams entered the
> bank.  All were wearing masks.  Jabrown Parks and Williams
> were carrying and brandishing firearms.  Lavelle Parks was in
> a car outside the bank as the getaway driver.
>
> Frier and Williams went behind the teller counter and started
> to take money from the bank tellers' cash drawers.  The three
> perpetrators commanded and directed the tellers to comply
> with the robbery.  Jabrown Parks remained on the customer
> side of the teller counter.  Frier and Williams passed the money
> that they had taken from the teller drawers to Mr. Jabrown
> Parks.  The three men received approximately $5,300.  In the
> course of the bank robbery, a dye pack detonated, dispersing
> dye and currency about the bank's interior.  The robbers
> collected detonation before exiting the bank.
>
> During the course of the robbery, none of the tellers were
> injured. However, they were threatened and pushed. Pictures
> from the bank's cameras clearly show that firearms were

actively displayed by the perpetrators throughout the robbery.

The three men left the bank and entered a Ford Explorer being driven by Lavelle Parks. After receiving a description of the vehicle, a Pataskala Police Lieutenant spotted the Explorer traveling west on Route 16 towards Columbus. A chase ensued. The speed of the vehicles exceeded 80 mph. The Explorer lost control just west of the ramp at Reynoldsburg and New Albany Road in the city of Columbus and crashed into a vehicle traveling eastbound, causing a head-on collision.

The Explorer was demolished. Lavelle Parks was pinned between the Explorer and the road with half of his body outside the driver's side window. Daryl A. Williams was pinned in a similar manner outside the rear driver's side window. Williams died immediately. Remarkably, the other three defendants survived and were not seriously injured.

Tammy Sahr was the driver of the other vehicle. Ms. Sahr barely survived her injuries and spent weeks undergo[ing] extensive rehabilitation. This all happened in the Southern District of Ohio.

*Id.*, at 27-28. Petitioner did not dispute these facts. *Id.* He admitted brandishing a firearm during the course of the robbery. *Id.* He said he was pleading guilty because he was guilty. *Id.* A copy of the Presentence Investigation Report was disclosed and transmitted to the defense. *See* Doc. Nos. 103, 113, 118. At sentencing, petitioner indicated that he had received a copy of the PreSentence Investigation Report, and had reviewed it with his attorney. *Transcript, Sentencing Hearing, March 29, 2006*, at 4-5. That report indicates that petitioner's recommended sentence under the United States Sentencing Guidelines was seventy to eighty-seven months incarceration on count three, and a consecutive mandatory eighty-four months on count four. The probation officer recommended that petitioner be

sentenced "at the top end of the guideline range." *See PreSentence Investigation Report*.

> [T]he representations of the defendant, his lawyer, and the prosecutor at [the guilty plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible. *Id.* at 74.

*Blackledge v. Allison,* 431 U.S. 63, 74 (1977). In view of the record, petitioner's allegation that he did not know about or was not advised of the potential sentencing ramifications is simply incredible. Further, the record does not reflect that the government would have been unable to prove the charges against petitioner. Pursuant to the terms of his guilty plea, petitioner obtained a two level reduction in his recommended sentence under the United States Sentencing Guidelines for his acceptance of responsibility, and a one level reduction for timely notifying the authorities of his intention to plead guilty. *PreSentence Investigation Report*, ¶¶42-43. In short, nothing in the record reflects either that defense counsel performed in a constitutionally ineffective manner, or that, but for counsel's ineffective performance, petitioner would not have pleaded guilty but would have proceeded to trial. *Hill v. Lockhart, supra.*

Petitioner's claims are without merit.

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation,* that party may, within ten (10)

days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge